UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

UNITED STATES OF AMERICA,

                              **MEMORANDUM AND ORDER**

       - against -              05-CR-153 (KAM)

LUIS RODRIGUEZ,

              Defendant.

---------------------------------------X

**KIYO A. MATSUMOTO**, United States District Judge:

        Defendant Luis Rodriguez, who is currently serving five life sentences at the United States Penitentiary ("USP") Big Sandy in Inez, Kentucky, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 262-2, Motion for Compassionate Release ("Mot.").) The government opposes the motion. (ECF No. 272, Government's Opposition to Defendant's Motion for Compassionate Release ("Gov't Opp'n").) For the reasons set forth below, Mr. Rodriguez's motion is respectfully **DENIED**.

<u>**BACKGROUND**</u>

    The Court assumes familiarity with the factual circumstances of Mr. Rodriguez's conviction, set forth in this Court's Memorandum and Order denying Mr. Rodriguez's petition to vacate his sentence pursuant to 28 U.S.C. § 2255. *See generally Rodriguez v. United States,* No. 14-CV-6134(KAM), 2020 WL 7861383, at *1-6 (E.D.N.Y. Dec. 31, 2020). To briefly summarize, on November 14, 2006,

1

following a jury trial, Mr. Rodriguez was found guilty of all six counts of the indictment, including: (1) one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (2) two counts of murder in furtherance of a drug conspiracy, in violation of 21 U.S.C. § 848(e); (3) two counts of using a firearm to commit a murder, in violation of 18 U.S.C. § 924(j); and (4) one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*See* ECF No. 221.)  On July 29, 2010, the Honorable David G. Trager sentenced Mr. Rodriguez to life imprisonment for each of five counts of conviction and 10 years' imprisonment to run concurrently with all other counts for Mr. Rodriguez's conviction under 18 USC § 924(c).  (*Id.*)

Mr. Rodriguez's judgment of conviction was affirmed by the Second Circuit on November 12, 2012, and Mr. Rodriguez subsequently filed a number of post-convictions motions and petitions which have been denied, including a petition to vacate his sentence under 28 USC § 2255.  *See Rodriguez*, 2020 WL 7861383, at *1.  On April 27, 2022, Mr. Rodriguez made a compassionate release request to the Warden of USP Big Sandy, and after failing to receive a response, Mr. Rodriguez made the motion before the Court on February 17, 2023.  (*See* Mot.)

**LEGAL STANDARD**

The compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed. A defendant must satisfy three requirements for the court to grant a motion for compassionate release. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

"First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting [compassionate release] from prison authorities." *Id.* In particular, a defendant generally must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait until 30 days after "the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Second, a court must find that "extraordinary and compelling reasons" warrant a sentence reduction. *Id.* § 3582(c)(1)(A)(i). The passage of the First Step Act of 2018 "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "[A] district court's discretion in this area—as in all sentencing matters—is broad." *Id.* Indeed, "[t]he only

3

statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (quoting 28 U.S.C. § 994(t)).

Third, the court must consider "'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Section 3553(a) factors include, among others, (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct, (4) the need for the sentence imposed to protect the public from further crimes of the defendant, and (5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

"The defendant carries the burden of showing that he . . . is entitled to a sentence reduction under the statute." *United States v. Garcia*, 09-cr-330(KAM), 2021 WL 1616914, at *3 (E.D.N.Y. Apr. 26, 2021), *aff'd*, No. 21-1181-CR, 2022 WL 2154675 (2d Cir. June

15, 2022) (citation omitted).  "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Id.* (citation omitted).

## DISCUSSION

In support of his motion, Mr. Rodriguez has proffered a variety of reasons to justify a sentence reduction, including: (1) the "punitive conditions of confinement" at USP Big Sandy; (2) the failure of the BOP to manage his medical conditions as well as his increased risk of infection from COVID-19; (3) the imposition of his life sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) the sentencing judge failed to consider his arguments at sentencing; and (5) the need to avoid unwarranted sentencing disparities.  (*See* Mot. at 19-48.)  Mr. Rodriguez has also submitted a reply to the Government's opposition, reinforcing his claims, as well as additional exhibits regarding broader issues at the BOP, both of which this Court notes.  (ECF Nos. 278, 280.)

As an initial matter, the Court commends Mr. Rodriguez's participation in "various courses and vocational trainings," (Mot. at 5), but rehabilitation alone is not a compelling or extraordinary reason to grant compassionate release, *Brooker*, 976 F.3d at 237-38 (quoting 28 U.S.C. § 994(t)).  Notwithstanding his rehabilitative efforts, although Mr. Rodriguez's medical circumstances and conditions of confinement are unfortunate, they

do not constitute extraordinary and compelling reasons to grant relief.  Likewise, the Court notes that the COVID-19 pandemic "has made prison conditions harsher than usual" but that "all inmates have had to endure" those circumstances, which do not rise to the level of "extraordinary and compelling." *United States v. Veliu*, No. 17-CR-404-1 (KAM), 2022 WL 2484240, at *5 (E.D.N.Y. July 6, 2022).  Furthermore, Mr. Rodriguez's medical records, as provided by the Government, show that he is receiving regular medical attention in prison, and indicate that he is able to function within the facility.  (ECF No. 272-1.)  Mr. Rodriguez also fails to identify any particular treatment that is unavailable within the BOP for his health conditions.  (Gov't Opp'n at 11-12.)

Further, Mr. Rodriguez's claims regarding radon gas at USP Big Sandy are unsupported by any evidence beyond his allegations regarding the facility's "refusal to test" for the substance and have been expressly denied by the warden of Big Sandy, who has described the facility's air filtration system.  (Mot. at 21, ECF No. 262-3 at 22.)

The Court also notes the position of the Probation Department, as reflected in the Second Addendum to the Presentence Investigation Report.  (ECF No. 274, ("Second Addendum").)  Probation does not believe that release is warranted, and notes that Mr. Rodriguez has incurred 30 disciplinary incidents while in custody since March 2001.  (*Id.* at 2.)  Probation also states that

Mr. Rodriguez has been designated as a "CARE Level 1" inmate for both physical and mental health, indicating that he "may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." (*Id.* at 4.)

In light of the above, the Court finds that Mr. Rodriguez has not shown "extraordinary and compelling reasons" warranting any deduction in his five life-sentences and concurrent 10-year sentence, and that the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of Mr. Rodriguez completing his sentence. 18 U.S.C. § 3582(c)(1)(A). Mr. Rodriguez was convicted for, among other things, the murder of two individuals while involved in a criminal enterprise. Specifically, both the extreme seriousness of Mr. Rodriguez's offense and the need to protect the public, especially in light of his offenses and subsequent violations while in custody, discussed *supra*, support Mr. Rodriguez completing his sentence.

Regarding Mr. Rodriguez's collateral attacks on his sentence, this Court agrees that "it would be both improper and inconsistent with the First Step Act to allow [the defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition," both of which Mr. Rodriguez has already exhausted. *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020). However, even if Mr. Rodriguez's current claims were not brought

improperly, this Court would deny them, as Mr. Rodriguez was properly convicted by a jury of a violation of 21 U.S.C. § 848(e)(1)(A), which required that the jury necessarily find that deaths resulted from the conspiracy.

Here, Mr. Rodriguez is responsible for two murders, including of a fourteen-year-old child, and he fails to point to any procedural error in his sentencing. (*See* ECF No. 220, Sentencing Transcript, at 8.)   Additionally, the sentencing court was not required to explain a sentencing disparity between Mr. Rodriguez and his co-defendants, some of whom also received life sentences, except for a cooperator.  (Mot. at 8, Gov't Opp'n at 15.)  As such, Mr. Rodriguez does not provide any "extraordinary and compelling reasons" warranting compassionate release through his attempted collateral attack on his sentence.

## CONCLUSION

For the foregoing reasons, Mr. Rodriguez's motion for compassionate release is respectfully **DENIED**.  The Government is respectfully requested to serve a copy of this Memorandum and Order on Defendant at his last known BOP address and note service on the docket by Friday, December 15, 2023.

**SO ORDERED.**

_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York


Dated:     December 13, 2023
           Brooklyn, New York

9